## Hall v. Hall

*Jeffrey F. Bahls*, for plaintiff.
*Thomas G. Mundhenk*, for defendant.

BECKERT, *P.J.*, January 27, 1978 — In the above captioned divorce action plaintiff has filed a petition for a rule to show cause why he should not

be permitted to discontinue his pending divorce action. As stated in our local rules (Bucks County Rule of Civil Procedure 1138) a discontinuance shall not be entered without leave of court. This discontinuance is opposed by defendant. Plaintiff's petition and new matter to the petition for a rule to show cause merely avers therein that he wishes to terminate "the divorce action and for the reason that he was permanently moving his state of residence and domicile from Pennsylvania to some other state." See paragraph one of new matter to petition for rule to show cause.

The reported cases dealing with this subject all appear to hold that the right to discontinue rests in the sound discretion of the court. A discontinuance will normally be favored and allowed unless the other party will suffer a disadvantage or the same is not being sought in good faith: 3 Freedman: Law of Marriage and Divorce in Pennsylvania §667 (2d ed.). In dealing with such application we are met with two divergent propositions: (1) the reluctance to permit an unfounded charge of matrimonial abuse to remain undiscredited: Rahal v. Rahal, 48 D. & C. 302 (1943); and (2) the antisocial thought of compelling an unwilling and perhaps repentant plaintiff to proceed with a divorce action. As to the latter, it is no doubt the philosophy behind those cases which equate the "good faith" factor heretofore referred to with a sincere desire on the part of the party seeking the discontinuance for a reconciliation and resumption of cohabitation with the other spouse: Ashton v. Ashton, 74 Montg. 117 (1957). Such a desire does not here exist on the part of plaintiff.

We fail to find any evidence of such "good faith" in the proceedings before us. Plaintiff, as previ-

ously mentioned, is now purportedly cutting all ties with Pennsylvania and, therefore, does not wish to proceed with a divorce action in this Commonwealth. See paragraph two of new matter to petition for rule to show cause. From this averment it is not difficult to conclude that plaintiff does not have the required grounds for a divorce and, therefore, wishes to escape the doctrine of res judicata. Therefore, if plaintiff's rule was made absolute he would be permitted to commence a divorce action anew in some other jurisdiction, which we find would result in a disadvantage to defendant.

Therefore, for the reasons herein stated, we enter the following

### ORDER

And now, January 27, 1978, the rule heretofore entered upon defendant to show cause why plaintiff should not be granted leave of court to discontinue the captioned divorce action is hereby vacated and discharged.